UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANACHAK SAKDA, KAYSONE SAKDA,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT NATIONAL MORTGAGE ASSOCIATION AS TRUSTEE FOR GINNIE MAC REMIC TRUST 2015-111, et al.,<br><br>Defendants. | CASE NO. C19-836RSM<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER |

This matter is before the Court on pro se Plaintiffs' Application for Emergency Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief.[1] Dkt. #2. Plaintiffs do not provide any proof that any of the Defendants have been provided notice of this action or the Motion. Regardless, Plaintiffs do not satisfy the standards for a temporary restraining order ("TRO") and the Court notes various inaccuracies between the Complaint and the Motion that cloud the factual and legal issues. Accordingly, the Court will deny Plaintiffs' Motion at this time.

---

[1] Plaintiffs' Motion is captioned as "PLAINTIFF'S [sic] COMPLAINT FOR: DETRIMENTAL RELIANCE, FRAUD IN THE CONCEALMENT, FRAUD IN THE INDUCEMENT, UNCONSCIONABLE CONTRACTS, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, QUIET TITLE SLANDER OF TITLE. Dkt. #2. Plaintiffs' Complaint is captioned in the same manner. Dkt. #1. Both contain subtitles which make clear that the first filing should be treated as a complaint and the second should be treated as a motion.

ORDER – 1

Plaintiffs' Motion is somewhat difficult to follow. As best the Court can gather, Plaintiffs own 26832 37th Avenue South in Kent, Washington, and executed a mortgage with Homestreet Bank on July 23rd/24th, 2015. Dkt. #2 at 3. Defendant Government National Mortgage Association is the current holder of the note and Defendant Alabama Housing Finance Authority appears to be the current servicer. Dkt. #2 at 3–4. Plaintiffs appear to have had difficulty satisfying their financial obligations, have unsuccessfully sought loan modifications, and are currently facing foreclosure of their property on June 7, 2019. Dkt. #2 at 1–4. Plaintiffs allege that the foreclosure sale should not continue because several irregularities in the assignment of the note make it unclear who currently owns the note. Dkt. #2 at 4–11. In all, Plaintiffs appear to argue that Homestreet Bank should not have approved their loan, that deficient and ineffective assignments bar the Defendants from foreclosing on the property, and that the Plaintiffs have been unfairly denied a loan modification or refinancing. Plaintiffs seek to prevent the foreclosure sale from going forward.

Pursuant to Federal Rule of Civil Procedure 65, the Court may issue a TRO

> without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Here, Plaintiffs do not satisfy the requirements for issuance of a TRO without notice to the Defendants. Plaintiffs provide no certificates of service showing that Defendants have been served a copy of the Complaint or the Motion. Nor do Plaintiffs provide any indication of the efforts they have undertaken to provide Defendants with notice of this action and Motion or why

ORDER – 2

notice should not be required. Accordingly, Plaintiffs cannot satisfy the requirements of Federal Rule of Civil Procedure 65(b)(1).

Similarly, this Court's Local Civil Rules require notice.

> Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted. Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party before or contemporaneously with the filing of the motion and include a certificate of service with the motion. The motion must also include contact information for the opposing party's counsel or for an unrepresented party.

LCR 65(b)(1). As a result, this Court's Local Civil Rules require that "the moving party must serve all motion papers on the opposing party before or contemporaneously with the filing of the motion and include a certificate of service with the motion." LCR 65(b)(1). Plaintiffs have not satisfied the requirements of the Court's local rules and the Court will deny the Motion on that basis.[2]

Regardless, Plaintiffs' Motion fails to satisfy the standards applicable to the issuance of a TRO. To justify a TRO, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3)

---

[2] Further, Plaintiffs cannot demonstrate that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." This Court's Local Civil Rules provide for short response times.

> Unless the court orders otherwise, the adverse party must (1) file a notice indicating whether it plans to oppose the motion within twenty-four hours after service of the motion, and (2) file its response, if any, within forty-eight hours after the motion is served. The response may not exceed twenty-four pages in length, and no reply will be permitted. If the movant meets the requirements of Fed. R. Civ. P. 65(b), the court may grant the motion without awaiting a response.

LCR 65(b)(5). Plaintiffs filed their Motion one week before the foreclosure is purportedly to occur. Had they provided notice to Defendants on that same day, Defendants could have been required to respond prior to Monday, June 3, 2019, leaving plenty of time for this Court to address the issue prior to the date of the foreclosure sale.

ORDER – 3

that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).[3]

Plaintiffs fail to demonstrate that they are likely to succeed on the merits, providing little in the way of legal analysis. Rather, Plaintiffs generally argue that their factual allegations will entitle them to relief. Plaintiffs also are not consistent in their analysis of what law applies in their case. *See generally*, Dkt. #2 (citing to California law with no evident basis for doing so, citing to New York Common Law of Trusts, and providing passing references to Washington and Connecticut law). Accordingly, the Court would be unable to conclude that Plaintiffs are likely to succeed on the merits of their action.

Plaintiffs also fail to demonstrate that they are likely to suffer irreparable harm in the absence of a TRO. Plaintiffs merely allege that "Plaintiff's [sic] home is unique and non-fungible. It is where memories, both good and bad are made. Home defines who we are, what we were and what we can be. There are not two homes alike." Dkt. #2 at 20. But Plaintiffs' fail to make any specific factual allegations of harm that cannot be redressed should they be successful in this action. Plaintiffs' overly conclusory statements would not be sufficient to establish a likelihood of irreparable harm.

---

[3] The Court notes that there is some question as to whether the Ninth Circuit's "sliding scale" is a separate approach. *See A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) ("plaintiff may also obtain a preliminary injunction by showing 'serious questions go[ ] to the merits' of its claims and a balance of hardships that tips 'sharply' towards the plaintiff, <u>so long as it makes a showing on the other two factors</u>") (quoting *Alliance*, 632 F.3d at 1135) (emphasis added). The Court need not address the question here as Plaintiffs would not succeed under either approach.

ORDER – 4

Further, the numerous irregularities included in the Motion and Complaint call into question the facts of this case and concern the Court. For instance, there are references to different properties,[4] references to different dates for the loan at issue,[5] and references to different lenders.[6] Further, the Motion is verified, but purports to have been signed more than two years before the Motion. Dkt. #2 at 21. The Complaint purports to be verified, but Plaintiffs do not specifically sign as to the verification statement. Dkt. #1 at 38. Regardless, both incorporate portions of an unsworn report by a Mr. Carrington, purportedly an expert, and cannot be verified by Plaintiffs. Overall, the Court is left with the impression that the filings were strung together from different documents without assuring that all statements are in fact relevant.

Accordingly, having considered the Motion and the remainder of the record, the Court finds and ORDERS that Plaintiffs' Application for Emergency Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief (Dkt. #2) is DENIED. The Motion is denied without prejudice and Plaintiffs may refile for relief after providing Defendants proper notice. The Clerk shall mail a copy of this Order to Plaintiffs.

DATED this 4 day of June, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Dkt. #2 at 17 ("At all times relevant to this action, Plaintiff has owned the Property at 16418 S.E. Newport Way, Issaquah, Wa 98027.")

[5] *Compare* Dkt. #2 at 3 (indicating Plaintiffs financed the property with Homestreet Bank on July 23, 2015) *with* Dkt. #1 at 24 (referencing an "original closing on May 11, 2006") *and* Dkt. #1 at 29 ("After Nov. 19, 2009 (closing)").

[6] *Compare* Dkt. #2 at 3 ("original lender Homestreet Bank") *with* Dkt. #1 at 34 ("Defendants GINNIE MAE, L{and CitiMortgage, Inc..} [sic]") *and* Dkt. #1 at 36 ("Defendant GINNIE MAE, L{and JPMorgan Alabama Housing Finance Authority, N.A., Shellpoint}").

ORDER – 5